GEORGE C. HUBBELL *vs.* JOHN S. FLINT.

action can be maintained on a note given for the price of liquors sold by the plaintiff to the defendant, the plaintiff knowing that they were to be resold in violation of law, and assisting the defendant in that unlawful purpose.

an action upon a promissory note, evidence that the consideration of the note was intoxicating liquor sold by the plaintiff to the defendant, for the purpose of being resold in this commonwealth in violation of law, the plaintiff knowing and aiding in this purpose, is admissible under an answer which alleges that the note was " in payment and compensation for liquors sold in violation of law, and received by the plaintiff without consideration, and against law, equity and good conscience, and no action ought to be maintained thereon; and that the note being given for intoxicating liquors sold in violation of all law, whether in this or any other state, an action thereon is an action for the recovery of the value of intoxicating liquors so sold as aforesaid, and cannot and ought not to be maintained in any court in this commonwealth, such note being not in accordance with the provisions of the *St.* of 1852, c. 322."

In an action on a promissory note, in which the defence relied upon is that it was given for intoxicating liquors to be resold, as the plaintiff knew and aided in effecting, in violation of law, bills for intoxicating liquors previously sold by the plaintiff to the defendant, though not shown to be the liquors which were the consideration of the note in suit, are admissible in evidence to show the course of dealing between the parties, in connection with the plaintiff's knowledge that the defendant was a dealer in liquors.

ACTION OF CONTRACT on a promissory note dated October 24th 1852, payable to the plaintiff. Answer " that said note was a payment and compensation for liquors sold in violation of law, delivered in the form and substance of a promissory note, and was received by the plaintiff without consideration and against law, equity and good conscience, and no action ought to be had or maintained thereon. And the defendant further says, that this note being given for intoxicating liquors sold in violation of all law, whether in this or any other state, an action on said note is an action for the recovery of the value of intoxicating liquors so sold as aforesaid, and cannot and ought not to be maintained in any court in this commonwealth, such note being not in accordance with the provisions of the act of our legislature, approved May 22d 1852, being chapter 322 of the acts of that year." Trial in this court before *Dewey*, J., who, after a verdict for the defendant, reported to the full court the following case:

The defendant offered evidence that the consideration of the note, in whole or in part, was the sale by the plaintiff to the defendant of spirituous and intoxicating liquors, for the purpose of being resold by the defendant in violation of the laws of Massachusetts, the plaintiff knowing the object and aiding in the same. The plaintiff objected that this evidence was inadmissible under the answer. But the objection was overruled, and the evidence admitted.

The parties were introduced as witnesses, and there was evidence that in 1848 the plaintiff, who kept a grocery in Hudson, N. Y., came to the place of business of the defendant at Lenox, and solicited him to buy liquors of the plaintiff, and soon afterwards commenced trading with him.

As corroborative of the defendant's evidence of the course of dealing between these parties, and as showing that the plaintiff was in the habit of supplying the defendant with liquor to sell in Massachusetts, the defendant offered in evidence various bills of merchandise sold to him by the plaintiff from 1849 to 1852, and prior to the date of the note. These bills contained many charges for spirituous liquors, but did not of themselves show the consideration of the note in suit; and were forwarded from the plaintiff's shop in Hudson; some of them were in the plaintiff's handwriting, and all had been recognized by him as correct bills. The plaintiff objected to the competency of this evidence; but it was admitted as competent for some purposes, and in aid of the other evidence.

There was evidence on both sides of the knowledge of the plaintiff of the illegal purpose of the defendant in the use he was to make of the liquors bought of the plaintiff; and of the plaintiff's aiding and coöperating with the defendant, in carrying out the illegal purpose, with knowledge of said purpose.

The plaintiff contended that unless the defendant satisfied the jury that the consideration of this note was, wholly or in part, liquors sold by the plaintiff to be resold by the defendant in violation of law, the plaintiff was entitled to recover. The judge so ruled, adding " that if this note was given in renewal of a previous note given for said liquors, the consideration of

the note would, like the previous one, be subject to this defence."

Upon the whole evidence the judge instructed the jury, "that if the plaintiff, previously to the sales commencing in 1849 and extending to 1852, came to the defendant's place of business at Lenox, and there requested the defendant to buy liquors of him to sell in Massachusetts; and if the defendant purchased such liquors of the plaintiff for the purpose of selling them in the State of Massachusetts, in violation of the statute laws of Massachusetts existing at the time, the defendant having no license or legal right to sell the same, but the same being forbidden by law; and if the plaintiff, knowing all this, and that the liquors were to be brought into the State of Massachusetts and sold in violation of the law of Massachusetts, did sell liquors to the defendant to be used for such illegal purpose, and did intentionally aid and assist the defendant, and coöperate with him in sending the same for the purposes aforesaid; then as to such liquors the plaintiff could not maintain an action to recover therefor; and if such liquors thus sold by the plaintiff constituted the consideration of the note, in whole or in part, it was an illegal consideration, and the plaintiff would not be entitled to maintain his action upon this note." .

*J. E. Field*, for the plaintiff.

*A. J. Waterman*, for the defendant.

HOAR, J.   1. The defence to the note, upon the ground that the consideration for it was intoxicating liquors sold by the plaintiff to the defendant for the purpose of being resold in this commonwealth in violation of law, the plaintiff knowing this purpose and aiding in its execution, was undoubtedly a sufficient answer to the action, if properly pleaded.

Upon a careful examination of the answer, we think this defence is sufficiently stated.   The answer, in one part of it, sets forth that the sale by the plaintiff was not in accordance with the provisions of the statute of 1852; but, in another part, it sets forth the broad ground that the sale was for the purpose of a resale in this commonwealth, with the knowledge and aid of the plaintiff, in violation of law.

2. The bills for intoxicating liquors sold by the plaintiff to the defendant from 1848 to 1852, although the particular liquors charged in the bills were not shown to form any part of the consideration of the note in suit, were rightly admitted in evidence, to show the course of dealing between the parties, in connection with the proof of the plaintiff's knowledge of the defendant's business ; as tending to show that the plaintiff knew that he was supplying a tradesman and dealer, and not a person purchasing the article for private use.

3. The instructions to the jury seem to us to have been full, explicit and correct. The cause has been argued by the plaintiff's counsel upon the ground that if the sale was legal in the place where it was made, the mere knowledge on the part of the seller of an illegal use to which the purchaser intended to apply the article sold, would not implicate the seller in the illegality, so as to vitiate the contract. But the instructions required the jury to find that the plaintiff not only knew the unlawful purpose, but that he " did intentionally aid, assist and coöperate with him in it," in order to find their verdict for the defendant. The defendant has therefore, certainly, no reason to complain of the instructions as not sufficiently favorable to him, and there must be            *Judgment on the verdict for the defendant*